# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOHN DARYL BURRELL,** ) | **CASE NO. 1:08CV2044** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **WILLIAM SESSIONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

On August 26, 2008, Plaintiff *pro se*, John Daryl Burrell, filed this *in forma pauperis* action against William Sessions; Hillary Cintron [sic]; Bill Clinton; Frank Zarzryzi; Anne Synnezye; Meyers, CEO President of KeyBank; Raskin, V.P. KeyBank, Chase; Bishop Lennin [sic]; Frank Muelucor; Judge Solomon Oliver; Democratic Qbama [sic]; Bushes [sic] Administration; Geogre [sic] W. Bushes [sic], Sr.; Geogre [sic] Bush; William Jacilics; Cleveland Disosce [sic]; and Roman Catholic Disoce [sic]. The Complaint does not state intelligible allegations or grounds for relief, and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, and if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim may be dismissed *sua sponte*, without prior notice to the plaintiff, and without service of process on the

defendant, if the court explicitly states that it is invoking Section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

The above-captioned action lacks an arguable basis in law, and fails to allege a cognizable federal claim against the named Defendants. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would . . . "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. Even liberally construed, the allegations of Plaintiff's Complaint are insufficient to suggest Plaintiff has a valid federal cause of action.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under Section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**DATE: __August 29, 2008_____**

 **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**